UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SALVATORE F. GIANNI,

                Plaintiff,                1:11-cv-498
                                                                         (GLS/DRH)

          v.

KEITH KOPP and EDWARD FOSTER,

                Defendants.
_____

**APPEARANCES:**                             **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Salvatore F. Gianni
Pro Se
08-B-3671
Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN    CHARLES J. QUACKENBUSH
New York State Attorney General    Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Salvatore F. Gianni commenced this action against

defendants Keith Kopp, a New York State Trooper, and Edward Foster, a New York State Police Sergeant, asserting claims pursuant to 42 U.S.C. § 1983 for malicious prosecution, unlawful arrest and unlawful detention. (Am. Compl. ¶ 5, Dkt. No. 14.)  Pending is Kopp and Foster's motion to dismiss.  (*See* Dkt. No. 13.)  For the reasons that follow, the motion is granted in part and denied in part.

## II.  Background[1]

### A.  Factual History

On the evening of May 3, 2008, Gianni was arrested by the Town of Clay Police Department following a motor vehicle accident.  (Am. Compl. ¶ 4(a)-(b), Dkt. No. 14.)  The following morning, while still in custody, Gianni was arrested by Trooper Kopp and charged with second degree Burglary and first degree Criminal Contempt.  (*Id.* ¶ 4(a).)  The latter charges stemmed from Gianni's alleged May 3 "break[ing] into the home of Leah Bella Gianni," his then-reconciled wife, in violation of an "order of protection."  (*Id.* ¶ 4(c).)  Trooper Kopp based his arrest on the "depositions" of witnesses, including Leah Bella Gianni.  (*Id.* ¶ 4(d)(D).)

---

[1] The facts are drawn from plaintiff's Amended Complaint and presented in a light most favorable to him. (*See* Am. Compl., Dkt. No. 14.)

Gianni alleges that during the course of his investigation, Trooper Kopp "deliberately ignored his responsibility to act in good faith" by taking a number of intentional actions which resulted in Gianni's unlawful arrest. (*Id.* ¶ 4(d).) First, Trooper Kopp failed to take a statement from Gianni despite the fact that Gianni: showed him both keys to the home; explained repeatedly that he resided there; insisted that Leah Bella was lying to cover up an affair; and offered to provide Trooper Kopp with a lease to the apartment and a modified partial order of protection showing that he was a legal resident of the home in question. (*Id.* ¶ 4(d)(A).) Furthermore, Gianni alleges that Trooper Kopp "intentionally" failed to question neighbors, complex management and his parents regarding the incident. (*Id.* ¶ 4(d).)

Following Gianni's arrest, his father Anthony J. Gianni contacted Sergeant Edward Foster and informed him that an erroneous and incomplete investigation had been performed in his son's case, and implored Sergeant Foster to contact the district attorney and recommend dismissal. (*Id.* ¶ 4(f).) Anthony Gianni further requested that Sergeant Foster file charges against Jason Michalovich, whom he alleged assaulted Gianni on May 3. (*Id.*) Explaining that he believed that Trooper Kopp

3

performed a satisfactory investigation, Sergeant Foster declined to honor Anthony Gianni's requests. (*Id.*) Plaintiff Gianni subsequently wrote to Sergeant Foster and reiterated his father's contentions, but Sergeant Foster did not respond to Gianni's letter. (*Id.* ¶ 4(g).)

Gianni alleges that the charges of Burglary and Criminal Contempt were used against him on three occasions: (1) during a probation revocation hearing; (2) during a re-sentencing hearing; and (3) in relation to an August 2, 2011 denial of release by the Division of Parole. (*Id.* ¶ 4(i), (e).) Gianni claims further that both the Burglary and Criminal Contempt charges brought against him on May 4, 2008 were subsequently dismissed and that he is currently incarcerated on unrelated DWI, Criminal Contempt and Unlicensed Operation charges. (Am. Compl., Dkt. No. 14 at 5; Dkt. No. 17 at 1-2, 12.)

B.  **Procedural History**

Plaintiff Gianni commenced this action on May 2, 2011, alleging violations of his constitutional rights under the Fourth and Fourteenth Amendments. (Dkt. No. 1.) Following defendants' August 26, 2011 motion to dismiss, Gianni filed an Amended Complaint which removed the New York State Police as a defendant and articulated claims under 42 U.S.C. §

4

1983 of malicious prosecution, unlawful arrest and unlawful seizure. (Dkt. Nos. 13, 14.) On September 21, 2011, defendants moved by letter requesting that their August 26 motion to dismiss be considered against Gianni's Amended Complaint. (Dkt. No. 15.) Magistrate Judge Homer granted defendants' letter motion on September 26, 2011. (Dkt. No. 16.)

### III. Standard of Review

The standard of review under Federal Rules of Civil Procedure 12(b)(6) is well established and will not be repeated here.[2] For a full discussion of the standard, the court refers the parties to its previous opinion in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

**A. Eleventh Amendment Immunity**

Kopp and Foster argue that the Eleventh Amendment provides them with immunity in their official capacities from Gianni's claims. (Dkt. No. 13 at 5.) The court agrees.

The Eleventh Amendment shields states and their agencies,

---

[2] Because Gianni is proceeding *pro se*, the court will construe his Complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)

5

departments, and officials in their official capacities from suit in federal court, regardless of the relief sought. *See Papasan v. Allain*, 478 U.S. 265, 276 (1986). This immunity gives way in only three circumstances: (1) where it is waived by the state; (2) where it has been abrogated by Congress, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985); and (3) where a state official is sued in her official capacity for prospective injunctive relief, *see Ex parte Young*, 209 U.S. 123, 157 (1908). Because Gianni's claims do not fall within any of these recognized exceptions, Kopp and Foster's motion is granted and all claims against them in their official capacities are dismissed.

B.  **Malicious Prosecution**

Kopp and Foster seek dismissal of Gianni's malicious prosecution claim on the following grounds: (1) lack of personal involvement; (2) failure to plausibly plead malice; (3) failure to plausibly plead the absence of probable cause; and (4) the fact that Gianni was convicted on the charge of Criminal Contempt in the first degree.[3] (Dkt. No. 13 at 6-8.) The court

---

[3] While defendants allege that Gianni was indicted and convicted of Criminal Contempt, they admit that they do not "presently know[] whether plaintiff was ever indicted upon the Burglary charge." (Dkt. No. 13 at 8.) It should be noted that *Heck v. Humphrey*, 512 U.S. 477, 486-89 (1994) would bar this suit should Gianni fail to demonstrate that the proceedings were terminated in his favor or that his conviction was "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."

disagrees that dismissal is warranted. In light of the liberal construction afforded him, Gianni has satisfied his pleading burden at this juncture. Accordingly, Kopp and Foster's motion to dismiss is denied with leave to renew on a more complete record.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Kopp and Foster's motion to dismiss (Dkt. No. 13) is **GRANTED** in part and Gianni's claims are **DISMISSED** as against Kopp and Foster in their official capacities; and it is further

**ORDERED** that Kopp and Foster's motion to dismiss (Dkt. No. 13) is **DENIED** in part as against Kopp and Foster in their individual capacities; and it is further

**ORDERED** that Kopp and Foster file the appropriate responsive pleadings within the time allotted by the rules; and it is further

**ORDERED** that the parties notify Magistrate Judge Homer in order to schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 26, 2011
Albany, New York

/s/ Gary L. Sharpe
Gary L. Sharpe
U.S. District Judge