**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SALVATORE F. GIANNI,**

                **Plaintiff,**               **1:11-cv-498
                                                                  (GLS/CFH)**

                v.

**KEITH KOPP et al.,**

                **Defendants.**
_____
**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Salvatore F. Gianni
Pro Se
08-B-3671
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN        CHARLES J. QUACKENBUSH
New York Attorney General              Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  Introduction

Plaintiff *pro se* Salvatore F. Gianni commenced this action against

Keith Kopp and Edward Foster, pursuant to 42 U.S.C. § 1983, alleging malicious prosecution and Fourth and Fourteenth Amendment violations for unlawful arrest and unlawful detention. (Am. Compl., Dkt. No. 14.) Pending are defendants' motion for summary judgment dismissing Gianni's complaint, (Dkt. No. 72), and Gianni's appeal of Magistrate Judge Christian F. Hummel's May 20, 2013 order, (Dkt. No. 58), which denied Gianni's request to take the deposition of a non-party witness by written questions, (Dkt. No. 55). For the reasons that follow, the motion for summary judgment is granted, and Judge Hummel's order is affirmed.

## II. **Background**[1]

Gianni is currently incarcerated in New York State prison. (Defs.' Statement of Material Facts (SMF) ¶ 1, Dkt. No. 72, Attach. 2.) The events that led to Gianni's current incarceration are the subject of this dispute. In May 2008, Gianni was on probation for previous convictions of criminal contempt. (*Id.* ¶ 3.) On the evening of May 3, 2008, Gianni arrived at the residence of Leah Bella, his ex-wife, despite an order of protection issued by Onondaga County Court that was in place at the time, which prohibited

---

[1] Unless otherwise stated, the facts are undisputed.

Gianni from having any contact with Bella outside of certain court-approved periods for child visitation.  (*Id.* ¶¶ 5-6, 8; Dkt. No. 72, Attach. 4 at 2, 66.)  Gianni claims that, at that time, he also resided there, and that, when he arrived at the residence, he discovered another man, Jason Michlovich, in the residence with his ex-wife.  (Pl.'s SMF ¶¶ 4, 8, Dkt. No. 78, Attach. 1.)  Gianni tried to force his way inside the apartment door, and when he was unsuccessful, he broke a bedroom window and entered the apartment.  (Defs.' SMF ¶ 11.)  Michlovich then "applied pepper spray to [Gianni]'s face, at which time Gianni left the apartment and drove away.  (*Id.*)  Bella called 911, and Officer Kopp, a New York State Trooper, responded to the 911 call.  (*Id.* ¶ 10.)  At that point, Bella informed Officer Kopp of Gianni's conduct and of the order of protection.  (Dkt. No. 72, Attach. 4 at 43.)

Later that same evening, Gianni was involved in an automobile accident.  (Defs.' SMF ¶ 9.)  The Town of Clay Police Department responded to that accident, at which time Gianni was found to be intoxicated and subsequently placed under arrest and brought to Salina Town Justice Court.  (*Id.*; Dkt. No. 72, Attach. 4 at 3-10, 22.)  Gianni was accused by felony complaint of driving while intoxicated and aggravated unlicensed operation of a vehicle.  (Dkt. No. 72, Attach. 4 at 30-31.)  In the

3

meantime, after responding to the 911 call at Bella's residence, Officer Kopp learned that Gianni had been arrested and taken into custody; Officer Kopp then went to Salina Town Court, where he filed charges of burglary and criminal contempt. (*Id.* at 43-44, 48-49.) Gianni was arraigned on both sets of charges, and held without bail. (*Id.* at 22, 32.)

At some point while he was in custody, Gianni claims that his father, Anthony Gianni, contacted Sergeant Foster of the New York State Police, to inform him that Officer Kopp allegedly mishandled the investigation into the burglary and criminal contempt charges, and that exculpatory evidence existed, and also to request that Sergeant Foster contact the District Attorney to recommend dismissal of the charges. (Am. Compl. ¶ 4(f).)

On August 20 and 21, 2008, a violation of probation hearing was conducted in connection with the May 3, 2008 incident and related arrests, at which time Gianni was found to have violated two conditions of probation. (Dkt. No. 72, Attach. 5 at 1; Dkt. No. 72, Attach. 8 at 33-34.) He was then sentenced to a term of incarceration for those violations. (Dkt. No. 72, Attach. 8 at 36-37.) Ultimately, on November 6, 2008, Gianni pled guilty to aggravated unlicensed operation of a motor vehicle in the first degree, *see* N.Y. Veh. & Traf. Law § 511(3), in satisfaction of the May 3,

4

2008 charges against him. (Dkt. No. 72, Attach. 4 at 1, 56; Dkt. No. 72, Attach. 6.)

## III. Standard of Review

### A. Appeal of a Magistrate's Order

In deciding non-dispositive pretrial issues, magistrate judges in this District are afforded the broadest discretion, and will be reversed only when that discretion is abused. *See Miller v. Loughren*, 258 F. Supp. 2d 61, 61 (N.D.N.Y. 2003). This court may modify or set aside any portion of the magistrate judge's non-dispositive order only if it is found to be "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

### B. Summary Judgment

The standard of review pursuant to Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011), *aff'd sub nom. Wagner v. Sprague*, 489 F. App'x 500 (2d Cir. 2012).

## IV. Discussion

A.  **Magistrate Appeal**

Pending is Gianni's appeal of Judge Hummel's order, (Dkt. No. 58), which denied Gianni's request to conduct a deposition on written questions of his ex-wife, a non-party witness, (Dkt. No. 55). Judge Hummel denied this request, as well as an earlier request of the same nature, (Dkt. No. 52), because of the active order of protection prohibiting contact between Gianni and his ex-wife, (Dkt. No. 55 at 1).

Because Judge Hummel's order was not an abuse of discretion, clearly erroneous, or contrary to law, and further, because the request is now moot given the dismissal of Gianni's complaint, as discussed below, Judge Hummel's order is affirmed.

B.  **Summary Judgment Motion**

As a threshold matter, defendants argue that Gianni's § 1983 claims are jurisdictionally barred because Gianni's action necessarily challenges the validity and/or duration of his sentencing and confinement, and that because he has not shown that he ever obtained a favorable termination on the charges against him, he cannot maintain this § 1983 action. (Dkt. No. 72, Attach. 1 at 5-10.) Specifically, and as the court pointed out in its Memorandum-Decision and Order on an earlier motion to dismiss filed in

6

this case, "*Heck v. Humphrey*, 512 U.S. 477, 486-89 (1994) would bar this suit should Gianni fail to demonstrate that the proceedings were terminated in his favor or that his conviction was 'reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.'" (Dkt. No. 19 at 6 n.3.) In response, Gianni appears to argue that *Heck* does not apply here because he is not challenging the validity or duration of his sentence or conviction, but instead is simply pointing out that his enhanced sentence was "a mere byproduct" and a "consequence[]" of the allegedly false arrest and malicious prosecution conducted by defendants. (Dkt. No. 78, Attach. 2 at 1-6.) Further, Gianni argues that he did obtain a "favorable termination" of the criminal charges against him because the burglary and criminal contempt charges were ultimately dropped. (*Id.*)

Generally, "when a prisoner is challenging 'the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus,'" and therefore he cannot maintain a § 1983 action to challenge the fact or length of his custody. *Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). *Heck*

7

expounded on this principle and held that even when a prisoner is seeking money damages but not an earlier release from his sentence, if "the basis for the damages claim necessarily demonstrates the invalidity of the conviction [or sentence] . . . [the plaintiff] *can* be said to be attacking . . . the fact or length of . . . confinement," even if on its face the § 1983 action seeks only monetary damages. 512 U.S. at 481-82 (internal quotation marks omitted); *see Peralta*, 467 F.3d at 102. Therefore, in order to maintain a § 1983 action on the basis that an underlying sentence or conviction is constitutionally infirm, a plaintiff must first prove that the underlying proceedings terminated in his favor. *See Peralta*, 467 F.3d at 102.

Gianni's characterization of his claims is belied by his allegations in this case. In his amended complaint, Gianni claims that the burglary and criminal contempt charges brought against him by Officer Kopp "were used against him" in subsequent proceedings leading to his current incarceration, such that "the outcome of the disposition would have been considerably more favorable for [Gianni] had he not been burdened with the false charges." (Am. Compl. ¶ 4(e).) "[A]lthough on its face it [seeks] only monetary damages, 'the basis for the damages claim necessarily

demonstrates the invalidity of the conviction,'" and therefore Gianni "'*can be said to be attacking . . . the fact or length of . . . confinement.*'" *Peralta*, 467 F.3d at 102 (quoting *Heck*, 512 U.S. at 481-82). Accordingly, Gianni was required, as the court informed him at the motion to dismiss phase, to demonstrate that the proceedings were terminated in his favor. *Id.*

As defendants have established, the charges against Gianni stemming from his arrest on May 3, 2008, including the "DWI, Burglary 2nd Degree and several related offenses," were terminated via a "negotiated disposition" in which Gianni pled guilty to aggravated unlicensed operation of a vehicle on November 6, 2008. (Dkt. No. 72, Attach. 4 at 1, 56; Dkt. No. 72, Attach. 6.) As courts have stated, a "guilty plea . . . in satisfaction of all charges pending against [a plaintiff is] not a favorable termination as to the charge that was dismissed." *Topolski v. Cottrell*, No. 5:11-CV-1216, 2012 WL 3264927, at *6 (N.D.N.Y. Aug. 9, 2012) (citing *Wims v. N.Y.C. Police Dep't*, No. 10 Civ. 6128, 2011 WL 2946369, at *3 (S.D.N.Y. July 20, 2011)). "[W]hen a charge is dismissed as part of a plea bargain, the dropped charge is not a favorable termination sufficient to support a [§ 1983] claim," therefore Gianni has not demonstrated that the proceedings were terminated in his favor, and his action is barred by *Heck*. *Id.* (internal

9

quotation marks and citation omitted). Thus, defendants' motion for summary judgment is granted, and Gianni's complaint is dismissed.[2]

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 72) is **GRANTED**; and it is further

**ORDERED** that Gianni's amended complaint (Dkt. No. 14) is **DISMISSED**; and it is further

**ORDERED** that the May 20, 2013 order of Magistrate Judge Christian F. Hummel (Dkt. No. 55) is **AFFIRMED**; and it is further

---

[2] The court notes Gianni's *pro se* status and the liberal treatment afforded *pro se* litigants in this Circuit. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). Gianni has already amended his complaint once, in response to a motion to dismiss filed by defendants. (Dkt. No. 13.) Defendants requested that their motion to dismiss be considered as against Gianni's amended complaint, (Dkt. No. 15), which was granted, (Dkt. No. 16). Although Gianni has not requested leave to further amend, at this late stage, after the close of discovery, (Dkt. No. 62), the court would not be inclined to grant such a request. Further, any opportunity to amend would be futile, as the problem with Gianni's claims is substantive, such that better pleading would not cure it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gonzalez v. Penn. Bd. of Prob. & Parole*, No. 3:13-2582, 2014 WL 65310, at *1 (M.D. Pa. Jan. 8, 2014); *Gotson v. Potter*, No. 9:08-CV-478, 2009 WL 1161020, at *4-5 (N.D.N.Y. Apr. 27, 2009).

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 3, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court